## FREDERICK H. ALLEN *versus* JUSTIN W. CLARK *et al.*

A demand made by a mortgager upon the mortgagee to state an account of the sum due on the mortgage, is not vitiated by superadding other demands and proposals which the mortgagee is not bound to notice.

An account rendered by a mortgagee should state not merely the sum due on the mortgage, but the items.

If two parcels of land are included in a mortgage, and the mortgager conveys one of them, he cannot compel his grantee to contribute to.the redemption of the mortgage.

But where the mortgager conveys one parcel to one grantee, taking back a mortgage for the payment of the purchase money, and before this mortgage is paid he conveys the other parcel to another grantee, and becomes insolvent, if the first grantee will not contribute to redeem the two parcels from the original mortgage, the second grantee, upon paying the whole sum due, will be entitled to an assignment of such mortgage, and by this means he will be enabled to enforce a contribution.

BILL in equity to redeem, brought in 1831, against Justin W. Clark, Samuel Partridge, Cotton Partridge and Eli Cooley. The bill alleges, that Hezekiah W. Strong, in 1803, was seised and possessed of two tracts of land in Deerfield, one, situate on East mountain, the other, called the Arnold farm, and that he then, by his deed duly executed and recorded, mortgaged them to the Boston Bank, as security for the payment of 500 dollars ; that on May 8, 1812, by his deed with covenants of warranty and against all incumbrances, he conveyed the East · mountain tract to Oliver Cooley, for a valuable consideration, and that the right to redeem this tract is now owned by the plaintiff, by virtue of conveyances from O. Cooley and others claiming under him ; that on July 7, 1817, the Partridges, being then, by a title derived from Strong, the owners of the right to redeem the Arnold farm, conveyed the farm to Eli Cooley, with covenants of warranty, and of freedom from all incumbrances, and that by this conveyance Eli Cooley became the owner of the farm, subject to the mortgage to the bank ; that Strong became insolvent on May 1, 1827, and has so continued ever since ; that the defendants or some of them conspired with the intent to defraud the owner of the East mountain tract, by charging upon it the whole sum then due on the mortgage, and to

protect the owner of the Arnold farm from contributing his just share towards the payment of the mortgage, and thus to protect the Partridges from liability by reason of their covenants ; that for this purpose, Clark, as the agent and trustee of the other defendants or some of them, purchased the mortgage, by paying to the bank the sum due thereon, and the bank thereupon, on February 20, 1828, assigned the mortgage to Clark ; that on September 1, 1829, and within three years before the bill was brought, Clark, by virtue of a judgment, entered into possession of the East mountain tract for condition broken, and that he has been in the receipt of the rents and profits ever since ; that Clark has never disturbed Eli Cooley in the possession of the Arnold farm, nor demanded of him that he should contribute any thing towards the redemption of the mortgage ; that in May 1831, the plaintiff requested and demanded of Eli Cooley, that he should unite with the plaintiff in the redemption of the mortgage, and demanded, in writing, of Clark, that he should truly state his account of the money due on the mortgage, and of the rents and profits, and of the expenses for repairs and improvements, and should state the sum equitably due from the plaintiff provided the owner of the Arnold farm should contribute his equitable share towards the redemption, and that he should accept the plaintiff's share and discharge his lien upon the plaintiff's tract, the plaintiff then offering to pay his share ; that the plaintiff also offered to pay the whole sum due on the mortgage, provided Clark would assign the mortgage to him ; that the plaintiff also requested the Partridges to cause Clark to comply with the plaintiff's demands and requests, and requested them to state an account ; that all these requests and demands were refused by the defendants respectively ; that to the plaintiff's demand, Clark returned the following answer : — " Hatfield, May, 24, 1831. To Frederick H. Allen. Sir : In compliance with your request in writing, dated May 16, 1831, demanding an account of the money due me on mortgage from Hezekiah W. Strong to the Boston Bank and assigned by said Bank to me, not being able to state the precise amount of mortgage money due, you are referred to the judgment spoken of in

your notice as recovered by me in the Court of Common
Pleas, November term 1828, Greenfield, County of Franklin,
against one Oliver Cooley. No part of said mortgage money
has been paid since said judgment. As to the rents and
profits, I have received the same but one year, which after
deducting taxes, expense of fencing, agencies and commis-
sions, amount to ten dollars and forty-four cents. I have
contracted out the mortgaged premises the current year for
nineteen dollars, which sum, in case you redeem imme-
diately, you will be entitled to when received, for which I
have taken negotiable paper payable at the first of November
next, without interest till due, and which will be handed over
upon payment of the mortgage money, after deducting the
rents and profits, first abating the above charges. Yours, &c.
J. W. Clark,"—that this pretended answer is wholly in-
sufficient to answer the requisition of law, as it does not state
how much is due on the mortgage, nor the amount of the rents
and profits received by Clark, and of the expenses for repairs
and improvements. The bill prays that Clark and the Par-
tridges may be compelled to render an account, and that Eli
Cooley or the Partridges may be decreed to unite with the
plaintiff in the redemption of the mortgage, by contributing in
proportion to the relative value of the two tracts, or that
Clark may be decreed, upon payment of the plaintiff's share,
to discharge the mortgage so far as it regards the plaintiff's
tract, or that Clark may be decreed, upon payment of the
whole sum due on the mortgage, to assign the mortgage to
the plaintiff, so that he may be enabled to compel a just
contribution by Eli Cooley.

In an amendment to the bill the plaintiff alleges, that
Strong, on Feb. 12, 1812, conveyed the Arnold farm, with
covenants of seisin and warranty, to Cotton White, taking
back at the same time a mortgage of the farm, conditioned for
the payment of the whole amount of the purchase money,
which mortgage was wholly unpaid on May 8, 1812, when
Strong conveyed the other tract to Oliver Cooley ; that on
the same 12th day of February, White conveyed the farm to
C. Crafts, taking back a mortgage for securing 900 dollars ;
that on February 3, 1817, the right in equity of Crafts to

Allen
*v.*
Clark.

redeem the farm was sold on execution to the Partridges, and on July 7, 1817, they purchased and took an assignment ol the mortgage to White.

Clark, in his answer, admits the mortgage to the bank, the assignment to himself, the taking possession of the East mountain tract for condition broken, the conveyance of the same from Strong to Oliver Cooley and the plaintiff's interest in the same, and the conveyance from the Partridges to Eli Cooley, as alleged in the bill ; says that there has never been any declaration or creation of trust relative to the mortgage, manifested by any writing, between him and the other defendants, or either of them ; admits that he has not taken possession of the Arnold farm, but denies having released any lien thereon, or having done any thing to deprive the plaintiff of any remedy for contribution, other than by taking possession as above mentioned ; admits the insolvency of Strong; admits that on May 20, 1831, he received a written communication addressed to him and signed by the plaintiff, dated May 16, 1831, containing the several demands upon him which are specified in the plaintiff's bill ; states, that he lives about thirteen miles from the East mountain tract, and that on May 24, 1831, one David Wright, employed by him as agent to take charge thereof, rendered an account of his agency, and this defendant then returned the answer recited in the bill, and that he received no communication from the plaintiff suggesting that it was unsatisfactory, until this suit was commenced ; states the sum due on the mortgage, (about 333 dollars, and interest from November 1828,) and admits that he refused to assign the mortgage. And as to the prayer, that he should discharge his lien on the East mountain tract, on a proportional payment, or assign to the plaintiff upon payment of the whole sum due, he states that Strong, by his deed of February 10, 1812, for a valuable consideration, conveyed the Arnold farm to White, and that Eli Cooley holds it by mesne conveyances from White, for a like valuable consideration ; and that Strong conveyed the East mountain tract to Oliver Cooley by deed dated May 8, 1812, and this defendant believes that at the time of this conveyance Oliver Cooley knew of the mortgage to the bank.

In his answers to the amendment of the bill, Clark admits that White on the day of his purchase of the Arnold farm, executed to Strong a mortgage of the same, as security for the payment of four notes, and alleges that White paid in part for the land, previously to the conveyance to Oliver Cooley ; he admits that the Partridges purchased the equity of redemption belonging to Crafts, and afterwards took an assignment of the mortgage given to White, and that such purchase and assignment constitute the whole title of the Partridges, except that in 1819 Samuel Partridge received from Strong a quitclaim deed of the Arnold farm, given in discharge of the mortgage from White to Strong, Partridge paying to Strong the sum then due on that mortgage, being about 200 dollars.

In a further answer, Clark, as to the alleged trust, denies any positive agreement with the Partridges, but admits an honorary obligation to convey to them the mortgage, upon being indemnified and compensated, within a reasonable time, for his payments and trouble on account of the mortgage, and he insists on the statute of frauds ; he admits that he has not entered upon the Arnold farm, and that this was in compliance with what he supposed to be the wishes of the Partridges ; he estimates the value of the East mountain tract at $450, and of the Arnold farm at $700.

The answers of the Partridges were substantially like those of Clark. They further allege, that Oliver Cooley, at the time of taking his conveyance from Strong, knew of the mortgage to the bank, and of the conveyance to White ; that the plaintiff also had notice of them ; and that Strong, at the time of his conveyance to Oliver Cooley, was reputed to be worth sufficient property to respond on his covenants.

*Wells* and *Alvord*, in support of the bill, contended that the plaintiff made a valid demand on Clark to state an account ; *St.* 1821, *c.* 85, § 1 ; *Willard* v. *Fiske*, 2 Pick. 542 ; that the answer given by Clark was insufficient ; that he had no right to refer the plaintiff to the records of a court, nor to state merely the balance due, but he ought to have stated the items, in order that the plaintiff might judge whether they were reasonable ; 3 Powell on Mortg. (Rand's ealt.) 949 ; *Hughes* v. *Williams*, 12 Ves. 493 ; *Saunders* v. *Frost*,

5 Pick. 259 ; that where several persons purchase, at different times, parcels of land which are subject to a common incumbrance, all must contribute for its removal, in proportion to the value of their respective parcels ; *Stone* v. *Yea*, Jacob, 433 ; *Craythorne* v. *Swinburne*, 14 Ves. 164 ; *Harbert's case*, 3 Coke, 13 ; *Deering* v. *Winchelsea*, 2 Bos. & Pul. 270 ; *Gill* v. *Lyon*, 1 Johns. Ch. R. 447 ; *Clowes* v. *Dickenson*, 5 Johns. Ch. R. 235 ; *Sawyer* v. *Lyon*, 10 Johns. R. 32 ; *Taylor* v. *Bassett*, 3 N. Hamp. R. 294 ; *Taylor* v *Porter*, 7 Mass. R. 355 ; that Clark has power to call on the plaintiff and Eli Cooley for contribution to discharge the mortgage, and if he refuses to do it, the Court will compel him to assign the mortgage to the one who offers to pay the whole sum due ; and that the Court can compel him to release his lien on the plaintiff's tract, on being paid the proportion due from the plaintiff ; *Cheesebrough* v. *Millard*, 1 Johns. Ch. R. 409 ; *Taylor* v. *Bassett*, 3 N. Hamp. P.. 294 ; *Stevens* v. *Cooper*, 1 Johns. Ch. R. 425.

*Billings* and *Clark*, contra, argued that the bill could not be sustained, so far as it seeks for redemption, because there was no tender, nor a sufficient demand to state an account, within *St.* 1821, *c.* 85, § 1 ; nor so far as it seeks for contribution, because this is a distinct branch of equity jurisdiction which has not been conferred upon the Court ; *Gibson* v. *Crehore*, 5 Pick. 146 ; that if the Court has such jurisdiction, still Clark was not obliged to discharge his lien on one tract, on the payment of a proportion of the sum due, but might lawfully insist upon an entire redemption of the mortgage ; *Titley* v. *Davis* 3 Eq. Cas. Abr. 604 ; that Oliver Cooley purchased with notice of the prior conveyance to White, and the plaintiff purchased with like notice, and they therefore stood in no better situation than Strong, and that Strong having conveyed one tract to White, without reserving power to call on him to contribute, the whole burden of redeeming, as between Strong and White, fell upon the other tract ; that it is not stated that the plaintiff gave any consideration for the right to redeem, and he therefore does not stand *in æquali jure* with White and his grantees, and consequently is not entitled to contribution

*Harbert's case,* 3 Coke, 11 ; *Graham* v. *Graham*, 1 Ves. jun. 275 ; that the simple fact of priority of conveyance, independently of notice, makes them not *in æquali jure* ; *Goodwin* v. *Goodwin*, 1 Chan. Rep. 92 ; *Bean* v. *Smith*, 2 Mason, 272, 273 ; *Symmes* v. *Symonds*, 4 Bro. P. C. 328 ; 1 Fonbl. 310 ; *Clowes* v. *Dickenson*, 5 Johns. Ch. R. 240 ; *Gill* v. *Lyon*, 1 Johns. Ch. R. 447 ; and that the mortgage from White to Strong had not the effect of giving priority to the conveyance to Oliver Cooley ; 1 Powell on Mortg. (Rand's edit.) 108, *c.* 6 ; *Wilson* v. *Troup*, 2 Cowen, 196.

WILDE J. delivered the opinion of the Court. Upon the facts disclosed in the bill and the answers of the several defendants, two questions have been submitted, the one relating to the plaintiff's right to redeem the mortgage, and the other, to his claim for contribution.

The first question is, whether there has been such a neglect or refusal on the part of Justin W. Clark, one of the defendants, to state the account of the sum due on the mortgage, as will authorize the Court to sustain the bill, by virtue of *St.* 1821, *c.* 85, § 1, and to decree a redemption.

The second question is, whether the other defendants, or any or either of them, are liable to contribution.

The first question depends on the construction of the statute, in relation to the facts of the case. The defendants' counsel contend that nothing more is required by the statute, of the mortgagee or those claiming under him, than to state the balance due on the mortgage, without stating any account of the rents and profits and expenses for repairs ; and that even that was not required in this case, because the demand of an account was not made in pursuance of the true intent of the statute, but much exceeded what the plaintiff had a right to demand.

We are, however, of opinion, that the demand was well enough, and that the plaintiff, by the true construction of the statute, had a right to insist on the disclosure of the items of the account demanded. There is an express demand of a true account of the money due on the mortgage ; which is sufficient, if nothing more had been added. A demand was also made for an account of the rents and profits of the mort-

5 *

gaged premises, and the expenses for repairs and improvements, if any had been made ; and other demands and proposals were superadded, of which the defendant Clark was not bound to take notice. But this superfluous matter did not vitiate the demand of an account of the money due on the mortgage, which was made in strict conformity to the words of the statute. The defendant Clark was therefore bound to comply with the demand so far as it was made in pursuance of the statute, which we think he failed to do. The plaintiff could not ascertain by the account furnished, what sum was justly due, and it was the intention of the legislature that the mortgagee should, on request, furnish the mortgager, or the person having the right to redeem, with such information as would enable him to tender the sum justly due ; and not to leave him exposed to the danger of tendering more for want of knowledge of the facts. This appears from the preamble of the statute, and is not inconsistent with the words of the enacting clause. The mortgagee, or the persons claiming under him, must " truly state his or their account of the sum due on the mortgage ;" that is, as we understand the statute to mean, the mortgagee, or those claiming under him, must truly state his or their account, so that the other party may ascertain the sum which may be justly due. This, we think, is a reasonable and by no means a forced construction of the statute, which is to be expounded liberally and beneficially in favor of the party seeking to redeem, so as to remove the mischief intended to be prevented. We consider therefore the account rendered as not sufficiently full and particular, and that the Court is authorized by the statute to sustain the bill, and to decree a redemption, and whatever equity may require.

The remaining question, whether the defendants Cooley and the two Partridges, or any of them, are bound to contribute towards redeeming the mortgage, is a question of greater difficulty, and requires a careful consideration of the respective rights of the parties at the time when the purchase was made by Oliver Cooley, under whom the plaintiff claims. Whatever rights Oliver Cooley then had, have been since transferred to the plaintiff.

The counsel for these defendants deny their liability to con

tribution as charged in the bill, on the ground that the purchase of the lot which Eli Cooley now holds by White, from whom they derive title, was prior to the conveyance to Oliver Cooley. White purchased of Strong in February 1812, and Oliver Cooley's purchase was in May next following. And in the answer of Cotton and Samuel Partridge they aver, that at the time they purchased White's title they had no knowledge of the mortgage to the bank, and that Oliver Cooley, when he purchased the lot which the plaintiff now holds, not only had knowledge of that mortgage, but also of the prior conveyance of the other lot to White. These averments are not controverted by the plaintiff, and it is admitted that the deed from Strong to White contains the usual covenants of seisin and warranty against all incumbrances ; and that Strong has since become and now is insolvent.

On these facts these defendants contend that they are not liable to the plaintiff for contribution ; for as they would not be so liable if Strong had redeemed, it is insisted that they are not so liable to his assignees, who took an assignment with a full knowledge of all the facts. To be sure they would not have been liable to Strong if he had redeemed : nor to his heirs, if he had died and they had redeemed. In *Harbert's case*, 3 Co. 11, it is laid down, that if one is seised of three acres under an incumbrance, and enfeoffs A of one acre, and B of another, and the third acre descends to the heir, who discharges the incumbrance, he shall not have contribution, " for he sits," as it is said, " in the seat of his ancestor." That the principle here laid down is well established law as to the rights of the heirs and purchasers of a mortgager, cannot be doubted. And Chancellor *Kent* lays down the same principle as to successive purchasers from a mortgager, of different parts of the mortgaged property.

In *Gill* v. *Lyon*, 1 Johns. Ch. R. 447, the defendant was a purchaser from the mortgager, of a part of the land mortgaged, and had paid the full value of the land, and took a deed in which the grantor covenanted that he was lawfully seised, and that the granted premises were free from all incumbrances. After this conveyance Gill the plaintiff bought the residue of the land mortgaged, at a sale on a judgment against the mortgager ; and it was held that Lyon was not bound to contribute

Allen
v.
Clark.

towards redeeming the mortgage, because the parties were not on an equal footing in equity.   And in *Clowes* v. *Dickenson*, 5 Johns. Ch. R. 240, it is laid down as a general principle, that between purchasers in succession of different parts ·of the equity of redemption of lands mortgaged there is no contribution, as they do not stand *in æquali jure*.   These, and the other cases cited by. the defendants' counsel, fully maintain the general doctrine on which they rely, to show they are not liable to contribution.   But this case is distinguishable from all the cases cited, by a material circumstance. It is admitted by the Partridges, in their answer to the plaintiff's amended bill, that when Strong conveyed to White he took back a mortgage to secure the payment of the purchase money, and that this mortgage was unpaid and undischarged at the time Strong conveyed to Oliver Cooley.   They say they had understood a part was paid before the latter conveyance.   But this does not appear to be the fact, and the fact is not material, except to show the proportion in which the defendants may be liable to contribute.   At the time therefore when Oliver purchased, the legal estate was still in Strong, subject to the mortgage to the bank, which could only be defeated by White by payment of the purchase money.   And White was secure, as he could sue Strong on his covenants if Strong should sue him on his notes, and the judgments might be set off.   Or if Strong should enter on the mortgaged premises for condition broken, he could attach his right, and in that manner secure himself.   These circumstances considered, we think the knowledge of Oliver Cooley at the time of his purchase, of the mortgage to the bank and the conveyance to White, is not material, as Strong had the legal estate in both tracts, subject to the mortgage to the bank, and as White could not be injured by the sale to Oliver Cooley. Oliver Cooley and White had each the right to compel Strong to redeem the mortgage to the bank, or to pay the sum due thereon ; they therefore stood *in æquali jure*, or if there was any difference in their respective situations, that of White's was the most favorable, for he might have secured himself against the mortgage to the bank, after Strong's insolvency, and it does not appear that Oliver Cooley could. But at the time Clark took an assignment from the bank, the

situations of the respective owners of the two lots were in all respects equal, as they still are.   Neither can hold his estate without redeeming both lots, and it would be manifestly against justice and equity that either party should gain an advantage by procuring an assignment of the mortgage, and thereby throw the whole of a common burden on the other party. The foundation of contribution is a principle of justice and equity, and when there is equal equity, and there is an incumbrance on land belonging to different parties, they ought each to contribute towards removing it.

We therefore entertain no doubt, taking into consideration the relative situation and rights of the parties, with all the circumstances of the case, that the two Partridges are bound to contribute ; and the only question is, whether the Court, in this suit, are authorized to decree a contribution peremptorily, and to issue execution against them for their ratable proportion.   It has been denied that the Court has any such authority under *St.* 1798, *c.* 77, or any other statute.   But it is not necessary to decide upon that objection, as we think the course pursued in the case of *Gibson* v. *Crehore*, will furnish the plaintiff with reasonable security, and will make it for the interest of the Partridges to contribute voluntarily ; or if they should refuse, and Eli Cooley should contribute, he would have his legal remedy against them on their covenants.   We think therefore the plaintiff must pay the whole sum due on the mortgage in the first instance, and he will be entitled to a writ of possession against Eli Cooley, and will be entitled to take the rents and profits of the lot he holds until he shall be reimbursed to the amount of the ratable proportion due from Eli Cooley, or the Partridges, unless they should agree to contribute.   If Clark had purchased the mortgage for the Partridges, and held it in trust for them, the form of the decree might be different, and the plaintiff might be let in to redeem on payment of his ratable proportion of the mortgage debt.   But there was no declaration of trust in writing, and the administrator of Clark is entitled to receive the whole sum due on the mortgage.   If that sum can be ascertained without a reference to a master, a final decree may be now entered.